IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAHMOUD RASHAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:05-CV-1658-GET |
| | ) |
| FULTON COUNTY, GEORGIA, | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Mahmoud Rashad, by his undersigned counsel, and pleads as follows.

### I. PRELIMINARY STATEMENT

1. This is an action seeking remedy and redress for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. Plaintiff files this suit against Defendant for race, religious and gender discrimination and retaliation in violation of Title VII and race discrimination and retaliation in violation of Section 1981.

## II. **JURISDICTION AND VENUE**

3. Plaintiff has satisfied the jurisdictional pre-requisites to suit, having timely filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination, and having received a notice of right-to-sue within ninety (90) days from the filing of this suit.

4. The federal question jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5. Plaintiff is a resident of the State of Georgia, and submits to the jurisdiction of this Court by filing suit.

6. Defendant Fulton County ("Fulton County") is a governmental entity in the State of Georgia and is subject to the jurisdiction of this Court.

7. All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

8. Accordingly, venue is proper in this Court.

### III.  PARTIES

9. Defendant Fulton County provides nutritional services to qualified recipients.

10. Plaintiff is an African-American, of the Muslim faith, and a former employee of Fulton County.

### IV.  FACTUAL ALLEGATIONS

11. Plaintiff was employed by Fulton County as a Public Health Nutritionist in the Nutrition/WIC Program from September 1995 through December 2004.

12. In August 2004, Arlene Murrell was appointed to the position of Public Health Nutrition Manager and became Plaintiff's manager.

13. From the time Mrs. Murrell assumed the manager position, she subjected Plaintiff to disparate treatment and a hostile work environment.

14. Since 1998, Fulton County had accommodated Plaintiff's religious observances by allowing him to work from 8:00 a.m. to 5:00 p.m. so that he one hour free during the workday and was able to attend mosque on a weekly basis.

15. In September 2004, Mrs. Murrell changed Plaintiff's work schedule so that he had to work 8:30 a.m. to 5:00 p.m. and had only a half hour free for lunch.

16. In order to attend mosque, Plaintiff needed an hour and had to use a half hour of vacation leave to participate in the weekly religious observances.

17. Plaintiff's coworkers, not in the protected classes, were allowed to report to work between 8:00 a.m. and 10:00 a.m. for various reasons.

18. Plaintiff's co-workers, not in the protected classes, who celebrated the Sabbath and requested accommodation, were not required to work on Saturdays.

19. Shortly thereafter, on September 30, 2004, Plaintiff filed an internal charge of discrimination. He repeated these allegations in a letter dated October 5, 2004.

20. On November 12, 2004, Plaintiff filed a charge of discrimination with the EEOC.

21. On November 18, 2004, Mrs. Murrell's assistant, Leila Crawford, called Plaintiff to tell him that Mrs. Murrell wanted to speak to him. Given his pending charges of discrimination, Plaintiff requested that Ms. Crawford remain on the telephone line as a witness to the conversation.

22. Mrs. Murrell denied Plaintiff's request for a witness and, on November 19th, recommended that Plaintiff be suspended without pay for ten (10) days for purported insubordination arising out of the November 18th incident,

including a false allegation that Plaintiff's supervisor's assistant, not Mrs. Murrell's, had contacted him and that he had hung up on the assistant.

23. Plaintiff's co-workers, not in the protected classes, were not subjected to such extraordinary discipline for what was simply an attempt to protect himself.

24. On November 23, 2004, Dr. Steven R. Katkowsky, Director, sent Fulton County Sheriffs to Plaintiff's worksite for no apparent reason other than to intimidate him.

25. Also on November 24, 2004 (the day before Thanksgiving), Dr. Katkowsky mailed a letter to Plaintiff's home demanding that he provide "concrete evidence" of his allegations of discrimination and ordering him to appear with any evidence at 9:00 a.m. the following Monday, November 29th.

26. Plaintiff was on medical leave on November 29th and 30th, and returned to work on December 1st at the Aldrege Health Center, where Dr. Katkowsky's office was located.

27. On December 10, 2005, Dr. Katkowsky sent Plaintiff a notice of termination to his workplace, by hand delivery, via Nursing Supervisor Juliet Cooper.

28. This notice gave no reason for Plaintiff's termination.

29. Plaintiff's Separation Notice gave the reason for separation as "dismissed."

30. Only when Plaintiff applied for unemployment benefits did Fulton County provide a reason for his termination which was that he was fired for insubordination to a supervisor.

31. This fabricated explanation for Plaintiff's termination was a pretext for discrimination and retaliation.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND SECTION 1981

32. Plaintiff restates and re-alleges paragraphs 11-19 of the Complaint as if fully set forth herein.

33. By the conduct stated, Defendant discriminated against Plaintiff because of his race in violation of Title VII and Section 1981.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII AND SECTION 1981

34. Plaintiff restates and re-alleges paragraphs 20-31 of the Complaint as if fully set forth herein.

35. By the conduct stated, Defendant retaliated against Plaintiff for engaging in protected activity in violation of Title VII and Section 1981.

## COUNT III

## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

36. Plaintiff restates and re-alleges paragraphs 11-19 of the Complaint as if fully set forth herein.

37. By the conduct stated, Defendant discriminated against Plaintiff because of his religion in violation of Title VII and Section 1981.

## COUNT IV

## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

38. Plaintiff restates and re-alleges paragraphs 11-19 of the Complaint as if fully set forth herein.

39. By the conduct stated, Defendant discriminated against Plaintiff because of his gender in violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a) That the Court enter judgment against Defendant for back pay and reinstate Plaintiff, or grant front pay in lieu thereof;

b) That the Court enter judgment against Defendant for compensatory and punitive damages to the maximum allowable under Title VII and Section 1981;

c) That the Court enter judgment against Defendant for Plaintiff's expenses of litigation incurred in this matter, including reasonable attorneys' fees;

d) That the Court grant Plaintiff a trial by jury; and

e) That the Court grant Plaintiff such other and further relief as it deems just and proper.

This 1st day of November, 2005.

> **s/ John D. Wales, Esq.**
> Georgia Bar No. 730785
> Attorney for Plaintiff
> LAW OFFICES OF JOHN D. WALES
> 1950 Spectrum Circle, Suite 400
> Marietta, Georgia 30067
> Telephone: (770) 850-2545
> Facsimile: (770) 850-2548
> Email: JohnDWales@aol.com
>
> **s/ Barbara M. Heyne, Esq.**
> Georgia Bar No. 350415
> Attorney for Plaintiff
> LAW OFFICES OF JOHN D. WALES
> 1950 Spectrum Circle, Suite 400
> Marietta, Georgia 30067
> Telephone: (770) 850-2545
> Facsimile: (770) 850-2548
> Email: BarbaraMHeyne@aol.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2005, I electronically filed SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sudevi N. Ghosh

I further certify that I served also Defendant by U.S. mail, postage prepaid, addressed to:

Sudevi N. Ghosh, Esq.
Office of the County Attorney
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303

<pre>
                          s/ Barbara M. Heyne
                          Georgia Bar No. 350415
                          Attorney for Plaintiff
                          LAW OFFICES OF JOHN D. WALES
                          1950 Spectrum Circle, Suite 400
                          Marietta, Georgia 30067
                          Telephone:  (770) 850-2545
                          Facsimile: (770) 850-2548
                          Email: BarbaraMHeyne@aol.com
</pre>