IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Mahmoud Rashad, :
:
      Plaintiff, :
:
  v. : CIVIL ACTION NO.
: 1:05-cv-01658-JOF
Fulton County Department of Health :
and Wellness, et al. :
:
      Defendants. :

## OPINION & ORDER

This matter is before the court on Defendant Fulton County, Georgia's motion to stay [175].

Plaintiff Rashad, an African-American of the Muslim faith, was employed by Fulton County as a public health nutritionist from September 1995 to December 2004. He brought this action on June 23, 2005, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, retaliation in violation of Title VII and § 1981, religious discrimination in violation of Title VII, and gender discrimination in violation of Title VII. The Complaint requested back pay and reinstatement, compensatory and punitive damages, litigation expenses and attorneys' fees, and further relief as the court deemed just and proper.

AO 72A
(Rev.8/82)

On December 15, 2006, after finding that Mr. Rashad had abandoned his claims of race and sex discrimination and his claims under § 1981, the Magistrate Judge recommended that summary judgment be granted for Fulton County with respect to Mr. Rashad's remaining claims for retaliation and religious discrimination under Title VII. Over Mr. Rashad's objections, the court adopted the Magistrate Judge's Report and Recommendation on March 29, 2007. Mr. Rashad appealed. On April 9, 2008, the Eleventh Circuit affirmed as to the religious discrimination claim but reversed with respect to the retaliation claim. *See Rashad v. Fulton County, Ga.*, 272 F. App'x 880 (11th Cir. 2008). The Eleventh Circuit held that summary judgment on the retaliation claim was erroneous and remanded back to this court. *Id*. at 881.

On remand, the case proceeded to a jury trial on the sole remaining claim for retaliation. The trial began on March 2, 2009. The jurors were unable to reach a unanimous verdict, and a mistrial was declared on March 6, 2009. A second jury trial began on September 21, 2009. Fulton County made an oral motion for a mistrial on September 22, 2009, after one of Plaintiff's lawyers attempted to cross-examine a defense witness regarding an email sent by an employee at Fulton County's Office of Equal Employment Opportunity ("OEEO"). After hearing oral argument, the court denied the motion and issued a cautionary instruction to the jury.

On September 23, 2009, after the close of its case-in-chief, Defendant Fulton County made an oral motion for a directed verdict. This motion was denied without prejudice. The jury then rendered a verdict in favor of Mr. Rashad, awarding $60,000 to compensate for net loss of wages and benefits and $40,000 to compensate for emotional pain and suffering. After the verdict, Fulton County orally renewed its motion for a mistrial. On October 7, 2009, Fulton County moved for judgment as a matter of law. The next day, Mr. Rashad filed a motion requesting post-judgment equitable relief, including reinstatement to his former position. Mr. Rashad's counsel also moved separately for attorneys' fees and expenses, but that petition was denied without prejudice for failure to provide the court with the necessary information to conduct the lodestar analysis. On November 9, 2009, one of Plaintiff's lawyers filed a renewed motion for attorneys' fees and expenses. Plaintiff's two other lawyers filed a separate motion for attorneys' fees the same day.

In an order dated January 5, 2010, the court denied Fulton County's renewed oral motion for declaration of mistrial and its renewed motion for judgment as a matter of law. The court granted Plaintiff's motion for post judgment equitable relief in part, and denied it in part. The court granted Plaintiff's request that he be reinstated to his previous position as a public health nutritionist but denied his request for front pay. The court also ordered that any documents relating to Plaintiff's termination be removed from his personnel file, granted Plaintiff's request for accumulated leave, and denied Plaintiff's request for prejudgment

3

interest. In the January 5, 2010 order, the court also granted Plaintiff's attorneys a total of $203,391.22 in attorneys' fees and costs. On February 4, 2010, Defendant Fulton County filed the present motion to stay and a notice of appeal regarding the January 5, 2010 order. The case was reassigned to the undersigned on February 24, 2010.

Fulton County filed the present motion pursuant to Fed. R. Civ. P. 62(d) and Fed. R. App. P. 8(a), requesting that this court grant it "an unsecured stay of judgment, including equitable relief, pending appeal in the Eleventh Circuit Court of Appeals." Defendant first argues that the court should enter an unsecured stay because Fulton County is "undoubtedly able to satisfy the judgment in this case," and Fulton County's ability to satisfy the judgment will not be compromised by a stay. Docket Entry [175], at 7-8. Furthermore, Defendant cannot flee the jurisdiction and requiring it to post a bond "would be a waste of money which could otherwise be used to benefit its citizens." *Id*. at 8. In the alternative, if the court declines to grant an unsecured stay, Fulton County requests that the court exercise its discretion and order a reduced bond in the amount of $10,000 or some other amount less than the entire judgment. Defendant contends that it is entitled as a matter of right to a stay pursuant to Rule 62(d), and Fulton County is prepared to post a supersedeas bond in "an amount that is less than the full judgment but sufficient to secure the judgment in the Court's eyes." D.E. [175], at 10.

4

AO 72A
(Rev.8/82)

Plaintiff opposes any stay, secured or unsecured. First, Plaintiff argues that Fed. R. Civ. P. 62(d) contemplates that the requesting party will post a full security bond — one that covers the amount of the judgment, costs of the appeal, interest, and any damages for delay. While the court can exercise its discretion and require a lesser bond, the burden is on the moving party to demonstrate the reason for that departure. Plaintiff contends that Fulton County has failed to satisfy that burden because it has not shown it is likely to be successful upon appeal and has offered no documentary evidence to support its assertion that posting a full security bond will prejudice the citizens of Fulton County or that Fulton County will undoubtedly be able to pay the judgment if its appeal is unsuccessful. Plaintiff also alleges that Defendant has offered no support for its alternative request that it be required to post only a $10,000 bond, which is less than 3% of the total owed for damages, attorneys' fees, and costs.

The judgment against Defendant Fulton County implicates both sections (c) and (d) of Federal Rule of Civil Procedure 62 because the judgment against Defendant included both equitable relief and a monetary judgment.[1] In relevant part, Rule 62 states:

---

[1] Although the first paragraph of Defendant's motion requests a stay of the judgment, "including equitable relief," Defendant does not actually discuss any of the equitable relief granted to Plaintiff. Nor does Defendant mention the more than $200,000 in attorneys' fees granted to Plaintiff's lawyers.

5

> (c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights . . . .
>
> (d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1)[2] or (2).[3] The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Rule 62(c) gives the court discretion in deciding whether to issue an injunction in cases where the judgment involved equitable relief, while Rule 62(d) allows the movant to obtain a stay as a matter of right in cases involving monetary judgments, after the movant posts a supersedeas bond in an amount approved by the court.

As stated previously, Rule 62(c) provides the court with discretion to suspend or grant an injunction in cases where an appeal is pending as to a final judgment that grants an injunction. To determine whether a stay of a judgment involving nonmonetary relief is appropriate, the court must consider the following: (1) the applicant's likelihood of prevailing on the merits; (2) whether the applicant will suffer irreparable harm absent a stay; (3) the harm that will be suffered by the adverse party if a stay is issued; and (4) where the

---

[2] "[A]n interlocutory or final judgment in an action for an injunction or a receivership." Fed. R. Civ. P. 62(a)(1)

[3] "[A] judgment or order that directs an accounting in an action for patent infringement." Fed. R. Civ. P. 62(a)(2).

6

public interest lies. *Solis v. Blue Bird Corp.*, No. 5:06-CV-341, 2009 WL 2355809, *2 (M.D. Ga. July 27, 2009) (Royal, J.) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.1986)). The first factor is the most important, and Defendant must show that the trial court was "clearly erroneous." *Garcia-Mir*, 781 F.2d at 1453 (internal quotations omitted). Defendant may also have its motion granted by showing only that it has a "substantial case on the merits," if the final three factors "weigh[] heavily in favor of granting the stay." *Id*.

In its motion, Defendant does not discuss the merits, or even the substance, of its appeal at all, other than to note that it "feels confident [its] arguments will be successful." On this basis alone, the court concludes that Defendant has not satisfied its burden of proving that it has a substantial case on the merits, much less that the trial court's decision was clearly erroneous. Defendant has also failed to show that it will suffer irreparable harm absent a stay, and furthermore, Plaintiff would be harmed by a stay. Defendant does not address the nonmonetary relief granted to Plaintiff nor does Defendant address any harm that would befall it if the stay is not issued. In fact, the only harm Defendant alleges it will suffer comes from the possibility of it having to post a bond. Defendant alleges that requiring it to post a bond would "be a waste of money which could otherwise be used to benefit its citizens." D. E. [175], at 8. On the other hand, Plaintiff argues that he will be substantially injured by having to wait for the appeal to be decided before being reinstated to his job. Based on Defendant's motion, the court finds that the equities do not favor Defendant, and

AO 72A
(Rev.8/82)

Defendant, as movant, has not satisfied its burden in showing that a stay is justified under Fed. R. Civ. P. 62(c).

Under Rule 62(d), Defendant has the right to a stay of execution of the monetary portion of the judgment, pursuant to the posting of a supersedeas bond in an amount approved by this court. The posting of a supersedeas bond is intended to:

> Preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

*Poplar Grove Planting and Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[4] Usually, the party seeking a stay pending an appeal must post a full security supersedeas bond — one that covers "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay . . . ."*Id*. at 1191. However, a court may "depart from the usual requirement . . . [but] it should place the burden on the moving party to objectively demonstrate the reasons for a departure . . . . Such a supersedeas bond is a privilege extended to a judgment debtor as a price of interdicting the validity of an order to pay money." *Poplar Grove*, 600 F.2d at 1191. There are two circumstances under

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

which a judgment debtor may post less than a full security bond. *See id*. First, where the judgment debtor can objectively show that it has a present financial ability to pay the money judgment and where the debtor "presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Id*. Second, where the judgment debtor can show that posting a full bond would impose "undue financial burden" on the debtor, the court can fashion an arrangement that would equally protect the judgment debtor and creditor. *Id*.

In the present case, Defendant makes several arguments in support of its request that either it not be required to post a bond, or that if it must post a bond, the bond be $10,000 or some other amount less than the total judgment. Defendant argues that Fulton County is "undoubtedly able to satisfy the judgment in this case," and "its ability to pay this judgment will not be diminished by a delay pending appeal." D.E. [175], at 7. Defendant further contends that it clearly cannot flee the jurisdiction of the court as it is tied to a fixed geographic location and requiring it to post a bond would tie up funds which could otherwise be used to benefit its citizens. Defendant, however, has provided no actual evidence to support its claims that it can presently pay the judgment and that it will be able to pay the judgment, if its appeal is unsuccessful.

Defendant points to a case out of the Seventh Circuit, *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). In that case, the Seventh Circuit looked to five factors to determine

9

whether the District Court abused its discretion in holding that the City of Chicago had to post a bond. *Dillon*, 866 F.2d at 904. Those factors were:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id*. at 904-905 (internal citations and quotations omitted). The Seventh Circuit found that the City did not have to post a bond because it presented a strong case in favor of a stay and, therefore, the bond requirement should have been waived. *Id*. at 905. The City produced affidavits that outlined the mode of payment for judgments in those types of cases and the length of time it would take for the payment process to be complete. *Id*. The City also demonstrated "the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty." *Id*.

*Dillon* offers no help to Defendant, as Defendant here has offered no evidence of its current and continuing ability to pay the judgment, nor has Defendant explained to the court the complexity of the collection process or the amount of time required to obtain the judgment if its appeal is unsuccessful. Defendant offers only a generalized statement that it would be able to pay. The court cannot presume that Defendant has the money to pay the

10

judgment solely because Defendant is a county. This law in this circuit requires that (1) the moving party, Defendant, objectively demonstrate the reasons for a departure from the normal course of action, requiring a full security bond, and (2) that Defendant "present . . . to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal." *Poplar Grove*, 600 F.2d at 1191. Defendant has not currently satisfied its burden of showing that a reduced bond or unsecured stay is appropriate, and the court has not been assured that the judgment creditor will be protected during the pendency of the appeal. However, the court will allow Defendant to re-file its motion to stay the monetary portion of the judgment, but Defendant must objectively demonstrate to the court that it currently has a present financial ability to pay the judgment, and Defendant must offer a secure plan for maintaining that same degree of solvency during the period of appeal. Defendant should offer similar evidence to that offered by the City of Chicago in *Dillon v. City of Chicago*, 866 F.2d 902.

Therefore, Defendant's motion is DENIED to the extent it requests a stay of the nonmonetary portion of the judgment, and Defendant's motion is DENIED WITH LEAVE TO RENEW to the extent it requests a reduction or waiver of the posting of a full supersedeas bond [175].[5] In compliance with the above discussion, Defendant may file a

---

[5] The court notes that Defendant's motion only requested an unsecured stay, or in the alternative, a bonded stay where the required bond was less than the total amount of the judgment. Defendant did not indicate that it would be willing to file a full security bond

11

renewed motion for stay as to the monetary portion of the judgment in this case within twenty (20) days of the date of this order.

**IT IS SO ORDERED** this 15th day of July 2010.

/s   J. Owen Forrester

J. OWEN FORRESTER

SENIOR UNITED STATES DISTRICT JUDGE

---

should its request for a reduced or waived bond be denied. Therefore, the court did not address this issue either but notes that Defendant could receive a stay as a matter of right pursuant to Rule 62(d) by posting a full security bond if it so chooses.